# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

SUE GARRISON, Individually and on Behalf            PLAINTIFFS
of All Others Similarly Situated

v.            No. 3:16CV00253 JLH

REVCLAIMS, LLC; AVECTUS
HEALTHCARE SOLUTIONS, LLC;
ST. BERNARD'S HOSPITAL, INC.;
ST. BERNARD'S COMMUNITY HOSPITAL
CORP.; SHELBY COUNTY HEALTHCARE CORP.
d/b/a REGIONAL MEDICAL CENTER and d/b/a
REGIONAL ONE HEALTH; BAPTIST HEALTH;
BAPTIST HEALTH HOSPITALS; LAWRENCE
MEMORIAL HOSPITAL; WHITE RIVER HEALTH
SYSTEM, INC.; and JOHN DOES 1-100            DEFENDANTS

## **OPINION AND ORDER**

Sue Garrison, individually and on behalf of all others similarly situated, commenced this putative class action against the defendants in the Circuit Court of Craighead County, Arkansas. Defendants timely filed a notice of removal, arguing that this Court has federal jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332(d), better known as the Class Action Fairness Act. Garrison has moved to remand the case back to Arkansas state court based on the local controversy exception.[1] *See* 28 U.S.C. § 1332(d)(4)(A). For the following reasons, the Court denies Garrison's motion to remand. Document #28.

## I.

The defendants in this case are made up of six named healthcare providers, John Doe healthcare providers, and two companies that serve as collection agents for healthcare providers.

---

[1] Although Garrison says that "this case was improperly removed to Federal Court," the entirety of her brief is devoted to analyzing the applicability of the local controversy exception. *See* Document #29 at 2-19.

St. Bernard's Hospital, Inc., St. Bernard's Community Hospital Corp., Shelby County Healthcare Corp., Baptist Health, Baptist Health Hospitals, Lawrence Memorial Hospital, and White River Health System, Inc. are all healthcare providers that have provider agreements with Arkansas health insurance companies that offer qualified health plans.[2] RevClaims, LLC and Avectus Healthcare Solutions, LLC specialize in collecting outstanding patient accounts on behalf of healthcare providers where a third-party is potentially liable for injuries sustained by the patient.

Qualified health plans, as set forth in the provider agreements, require healthcare providers to bill health insurance companies for covered services at the provider-agreement rates. Healthcare providers are only permitted to bill patients for copayments, coinsurance, and deductibles. According to the complaint, defendant healthcare providers contracted with RevClaims and Avectus to collect at-cost amounts incurred by class members, instead of billing class members' respective health insurance plans at the (typically lower) provider-agreement rates.

In August 2013, Garrison was injured in a car accident, and another driver was deemed to be at-fault. Garrison received a portion of her treatment at St. Bernard's. St. Bernard's required Garrison to assign to St. Bernard's the right to directly bill her qualified health plan. Instead of billing Garrison's qualified health plan for the treatment she received, St. Bernard's contracted with RevClaims to collect on her account. RevClaims did not seek recovery from Garrison's qualified health plan either but instead sought recovery by placing a lien on Garrison's third-party claim against the at-fault driver. Garrison alleges that the defendants' billing and collection practices violate the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101, *et seq.*, and the

---

[2] Qualified health plans are health insurance plans that meet the requirements of the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (2010).

Arkansas Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-501, *et seq.*. Garrison also asserts common law claims of breach of contract, unjust enrichment, conversion, breach of fiduciary duty, abuse of process, and civil conspiracy.[3]

## II.

This Court's jurisdiction extends only to those cases authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). Pertinent to this case, the Constitution grants federal courts jurisdiction over cases "arising under" federal law. U.S. Const. Art. III, § 2. Congress executed that general grant by giving federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. More recently, with the enactment of CAFA, Congress has also granted federal courts jurisdiction over certain class action cases. 28 U.S.C. § 1332(d).

Defendants respond to Garrison's motion to remand by arguing first that this Court has jurisdiction independent of CAFA because at least one of the complaint's claims arises under federal law. The federal law that defendants say the complaint invokes is the Patient Protection and Affordable Care Act. Under the well-pleaded complaint doctrine, federal courts are to look only to the complaint in determining whether a case arises under federal law. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Calif.*, 463 U.S. 1, 10, 103 S. Ct. 2841, 2847, 77 L. Ed. 2d 420 (1983). The plaintiff is said to be the "master" that "decide[s] what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S. Ct. 410, 411, 57 L. Ed. 716 (1913). This

---

[3] The complaint also lists separate counts for "breach of contract as third party beneficiary" and "acting in concert." These counts seem to be sub-arguments of the breach-of-contract claim and conspiracy claim.

does not mean that a plaintiff may thwart federal jurisdiction simply "by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd.*, 463 U.S. at 22, 103 S. Ct. at 2853. If an asserted claim necessarily depends on a disputed question of federal law, a case arises under federal law, and federal courts have jurisdiction. *Id.* at 13, 103 S. Ct. at 2848. A case may also arise under federal law if the state law upon which relief is sought is completely preempted by federal law. *Id.* at 23-24, 103 S. Ct. at 2854.

Here, defendants do not argue that the Affordable Care Act preempts any of the state law claims contained in the complaint. Instead they argue that "[t]he Complaint bases its claims on the fact that the insurance 'policies must include coverage and provisions as mandated by the Affordable Care Act.'" Document #37 at 7. That understanding is incorrect. Although the complaint references the Affordable Care Act throughout, the asserted claims are based on the contracts between the defendant healthcare providers and the class members' respective healthcare insurance providers. The complaint references the Affordable Care Act to provide context for the contractual provisions, but the claims for relief do not depend on a disputed question of federal law. Federal question jurisdiction is lacking.

Defendants next contend that this Court has jurisdiction under CAFA and that Garrison fails to establish that the local controversy exception applies. The defendants must establish that the amount in controversy exceeds $5,000,000; that there is minimal diversity among the parties—i.e., at least one class member and one defendant are citizens of different states; and that there are at least 100 class members. 28 U.S.C. § 1332(d); *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 823 (8th Cir. 2010) (noting that removing party bears burden of establishing jurisdiction). Defendants have shown there is jurisdiction under CAFA; and Garrison does not argue that jurisdiction is

4

lacking. *Cf. Graphic Commc'n Local 1B Health & Welfare Fund A v. CVS Caremark Corp.*, 636 F.3d 971, 973 (8th Cir. 2011) (when the requirements of 28 U.S.C. § 1332(d)(2) are met, the court has subject matter jurisdiction; the local controversy exception in section 1332(d)(4) directs the court to abstain from exercising that jurisdiction). There is minimal diversity since Garrison is a citizen of Arkansas and RevClaims and Avectus are both foreign corporations; the complaint alleges that "hundreds, if not thousands, of people" would be included in the class; the defendants have presented a good-faith estimate that the amount in controversy exceeds $5,000,000—the complaint seeks damages and statutory penalties for each of the "hundreds, if not thousands, of" class members, as well as attorney fees. The local controversy exception provides as follows:

> (4) A district court shall decline to exercise jurisdiction under paragraph (2)—
>
> (A)(i) over a class action in which—
>
>> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>>
>> (II) at least 1 defendant is a defendant—
>>
>>> (aa) from whom significant relief is sought by members of the plaintiff class;
>>>
>>> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>>>
>>> (cc) who is a citizen of the State in which the action was originally filed; and
>>
>> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

>   (B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C. § 1332(d).  In order for the exception to apply and the case to be remanded, Garrison must establish that all of the requirements under section 1332(d)(4)(A) are met or alternatively that section 1332(d)(4)(B)'s requirement is met.  *See Westerfeld*, 621 F.3d at 822 (noting that "the burden shifts to the party seeking remand to establish that one of CAFA's express jurisdictional exceptions applies").  Any doubt about whether the local controversy exception applies must be resolved against Garrison, the party seeking remand.  *Hood v. Glister-May Lee Corp.*, 785 F.3d 263, 265 (8th Cir. 2015).  Garrison does not attempt to argue that section 1332(d)(4)(B) is satisfied.  Defendants contend that Garrison fails to establish each of the requirements under section 1332(d)(4)(A).  The Court will not address all of the requirements because Garrison has not established that there are not other-previously-filed class actions against some of the defendants asserting the same or similar factual allegations within the preceding three years.  *See* 28 U.S.C. § 1332(d)(4)(A)(ii).

In the Eastern District of Arkansas alone, there are three other class actions that name at least one of the defendants in this case: *Robinett v. Shelby County Healthcare Corp. d/b/a Regional Medical Center and d/b/a Regional One Health, et al.*, 3:16CV00188 (DPM)*; Hargett v. RevClaims, LLC, et al.*, 3:16CV00200 (JMM); *Whitley v. Baptist Health Hospitals, et al.*, 4:16CV00624 (DPM).  These cases bear remarkable resemblance to Garrison's case, both factually and legally.

In *Robinett*, the plaintiff was injured in a car accident, and another driver was deemed to be at-fault.  Document #36-1 at 3.  The plaintiff was taken to Shelby County Healthcare Corp. for treatment.  *Id.*  The plaintiff, a recipient of Arkansas Medicaid, assigned Shelby County Healthcare

the right to bill Medicaid directly. *Id.*. Instead of billing Medicaid for the treatment she received, Shelby County Healthcare contracted with Avectus to collect on her account. *Id.* at 4. Avectus did not seek recovery from Medicaid either but instead sought recovery by placing a lien on the plaintiff's third-party claim against the at-fault driver. *Id.* The plaintiff alleged that the defendants' billing and collection practices violated the Arkansas Deceptive Trade Practices Act and the Arkansas Fair Debt Collection Practices Act. *Id.* at 15-30. The plaintiff also asserted claims of breach of contract, breach of contract as third party beneficiary, unjust enrichment, conversion, breach of fiduciary duty, civil conspiracy, and acting in concert. *Id.*

In *Hargett*, the plaintiff was injured in a car accident, and another driver was deemed to be at-fault. Document #36-2 at 3. The plaintiff was taken to St. Bernard's for treatment. *Id.* at 4. The plaintiff, a recipient of Arkansas Medicaid, assigned St. Bernard's the right to bill Medicaid directly. *Id.* Instead of billing Medicaid for the treatment she received, St. Bernard's contracted with RevClaims to collect on her account. *Id.* RevClaims did not seek recovery from Medicaid. *Id.* Instead, it sought recovery by placing a lien on the plaintiff's third-party claim against the at-fault driver. *Id.* The plaintiff alleged that the defendants' billing and collection practices violated the Arkansas Deceptive Trade Practices Act. *Id.* at 15. The plaintiff also asserted claims of breach of contract as third party beneficiary, unjust enrichment, conversion, civil conspiracy, and acting in concert. *Id.* at 16-23.

In *Whitley*, the plaintiff was injured in a car accident, and another driver, who died as a result of the accident, was deemed to be at-fault. Document #36-3 at 11. The plaintiff was taken to a Baptist Health hospital for treatment. *Id.* The plaintiff assigned Baptist the right to bill his qualified health plan directly. *Id.* at 12. Instead of billing the plaintiff's health insurance for the treatment

7

he received, Baptist contracted with RevClaims to collect on his account. *Id.* at 13. RevClaims did not seek recovery from the plaintiff's health insurance plan. *Id.* Instead, it sought recovery by placing a lien on the plaintiff's third-party claim against the estate of the at-fault driver. *Id.* at 14. The plaintiff alleged that the defendants' billing and collection practices violated the Arkansas Deceptive Trade Practices Act. *Id.* at 20. The plaintiff also asserted claims of breach of contract as third party beneficiary, unjust enrichment, and tortious interference with a contractual relationship. *Id.* at 20-26.

All three of these other class actions were filed within the last three years and before Garrison filed her complaint in Craighead County Circuit Court on August 19, 2016. *Robinett* was filed in Lawrence County Circuit Court on June 24, 2016; *Hargett* was filed in Craighead County Circuit Court on July 7, 2016; *Whitley* was filed in Pulaski County Circuit Court on July 29, 2016. The other class actions need not name each of the same defendants; as long as *any* defendant in the case seeking application of the local controversy exception is the same as any defendant in the other class action, the exception will not apply. *Robinett* and this case both name Avectus and Shelby County Healthcare; *Hargett* and this case both name RevClaims, St. Bernard's, Baptist Health, and White River Health; *Whitley* and this case both name Baptist Health. And finally, although the factual allegations between the class actions differ slightly, they all assert sufficiently similar factual allegations. All four cases allege that a plaintiff injured in a motor vehicle accident was provided healthcare and that the healthcare provider contracted with Avectus or RevClaims to collect the at-cost amount from the plaintiff rather than bill the plaintiff's health insurance provider at the provider-agreement rate. And all four cases assert claims under the Arkansas Deceptive Trade Practices Act as well as various common law claims. Because there are other-previously-filed class

8

actions against some of the defendants asserting the same or similar factual allegations within the preceding three years, Garrison has not met her burden in establishing the applicability of the local controversy exception.

### III.

Garrison's motion to remand is DENIED.  Document #28.

IT IS SO ORDERED this 1st day of December, 2016.

*J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE