**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

SUE GARRISON, Individually and on Behalf　　　　　　　　　　　　　　PLAINTIFFS
of All Others Similarly Situated

v.　　　　　　　　　　　　　No. 3:16CV00253 JLH

REVCLAIMS, LLC; ST. BERNARD'S HOSPITAL, INC.;
ST. BERNARD'S COMMUNITY HOSPITAL CORP.;
BAPTIST HEALTH; BAPTIST HEALTH HOSPITALS;
LAWRENCE MEMORIAL HOSPITAL;
WHITE RIVER HEALTH SYSTEM, INC.;
and JOHN DOES 1-100　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

**OPINION AND ORDER**

Sue Garrison, individually and on behalf of all others similarly situated, commenced this putative class action against the defendants alleging that the defendants' billing and collection practices violate the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101, *et seq.*, and the Arkansas Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-501, *et seq.* Garrison also asserts common law claims of breach of contract, unjust enrichment, conversion, breach of fiduciary duty, abuse of process, and civil conspiracy.[1] Defendants St. Bernard's Hospital, Inc., RevClaims, LLC, Baptist Health, Baptist Health Hospitals, St. Bernard's Community Hospital Corp., Lawrence Memorial Hospital, and White River Health System, Inc., all move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) or, alternatively, to dismiss under Rule 12(b)(6). For the following reasons, the defendants' motions to dismiss are granted.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

---

[1] The complaint also lists separate counts for "breach of contract as third party beneficiary" and "acting in concert." These counts seem to be sub-arguments of the breach-of-contract claim and conspiracy claim.

Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The Court accepts as true all of the factual allegations contained in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014). The complaint must contain more than labels, conclusions, or a formulaic recitation of the elements of a cause of action, which means that the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965.

In August 2013, Garrison was injured in a car accident, and another driver was deemed to be at-fault. Document #2 at ¶ 17. Garrison was taken to NEA Baptist Memorial Hospital and received emergency inpatient treatment there. *Id.* at ¶¶ 18-19. Over the next year, Garrison underwent several surgeries and received ongoing treatment at St. Vincent's Infirmary. *Id.* at ¶ 19. After her final surgery, Garrison was referred to St. Bernard's Hospital, Inc., (not St. Bernard's Community Hospital) for physical therapy. *Id.* St. Bernard's required Garrison to assign to St. Bernard's the right to directly bill her qualified health plan. *Id.* at ¶ 21. Instead of billing Garrison's qualified health plan for the treatment she received, St. Bernard's contracted with RevClaims, LLC, to collect on her account. *Id.* at ¶ 23. RevClaims did not seek recovery from Garrison's qualified health plan either but instead sought recovery by placing a lien on Garrison's third-party claim against the at-fault driver. *Id.* at ¶¶ 24-27. A RevClaims representative first

recorded a Notice of Arkansas Hospital Lien on behalf of St. Bernard's on September 23, 2014. Document #58-3 at 3. The lien was renewed by notice within 180 days on March 24, 2015. *Id.* at 1. No further notices were filed, and St. Bernard's released the lien on March 17, 2017. Document #70-1. In addition to releasing the lien, the release notice also includes a paragraph stating that St. Bernard's has written off all outstanding amounts claimed by the lien and will not report any unpaid amounts on Garrison's credit history. *Id.*

The defendants argue that Garrison does not have standing to sue them, but for two separate reasons. Defendants Baptist Health, Baptist Health Hospitals, St. Bernard's Community Hospital, Lawrence Memorial Hospital, and White River Health System argue that Garrison was not injured by any conduct traceable to them. Defendants St. Bernard's Hospital and RevClaims argue that Garrison has not suffered an injury in fact.

To the traceability argument, Garrison responds that although she was not treated by those defendants, their conduct is fairly traceable to her injury because the defendants engaged in a civil conspiracy in which they agreed "to illegally and improperly enforce statutory liens in order to recover amounts in excess of the negotiated contract rates directly from QHP insured individuals in lieu of submitting the bills to the QHP insurers for payment." *Id.* at ¶ 149. To the injury-in-fact argument, Garrison contends that she was injured by the "simple fact" that St. Bernard's and RevClaims filed liens against Garrison's third-party recovery instead of billing her health plan. Document #63 at 9-10.

This Court has power to adjudicate cases and controversies. U.S. Const. art. III, § 2, cl. 1. A case or controversy does not exist where a plaintiff lacks standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992). The "irreducible constitutional

minimum of standing" requires a plaintiff to have (1) suffered an injury in fact that is (2) fairly traceable to the conduct of the defendant and is (3) likely to be redressed by a favorable judgment. *Id.* at 561, 112 S. Ct. at 2136. These elements are not pleading requirements and must be supported with sufficient evidence just as any other element on which the plaintiff bears the burden of proof. *Id.* The sufficiency of the evidence corresponds to the stage of litigation, and "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Id.* at 561, 112 S. Ct. at 2137 (citation omitted). A plaintiff must maintain standing throughout all stages of review. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67, 117 S. Ct. 1055, 1068, 137 L. Ed. 2d 170 (1997).

The first question is whether Garrison has suffered an injury that is traceable to the conduct of the remote defendants. Garrison agrees that these defendants have not directly caused her injury. She contends, nevertheless, that she has been harmed by all of the defendants through a conspiracy to bill patients like her illegally.[2] Garrison's complaint, however, does not allege sufficient facts to support her conspiracy claim. Conspiracy allegations must be supported with sufficient specificity and facts for a court to find a meeting of the minds. *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010); *see also Nelson v. City of McGehee*, 876 F.2d 56, 59 (8th Cir. 1989). Though addressing a conspiracy claim in a different context, in *Twombly* the Supreme Court explained that a plaintiff must plead "enough factual matter (taken as true) to suggest that an agreement was made." 550 U.S.

---

[2] Specifically, Garrison relies on the "juridical link" doctrine, which "allows a named plaintiff to bring a class action against parties that did not cause the named plaintiff's injury if the plaintiffs suffered identical injuries by parties related through a conspiracy or concerted scheme and suing all parties in one action would be expeditious." *Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889, 896 (8th Cir. 2015) (noting that the Eighth Circuit has not addressed the doctrine previously and declining to apply it in the case).

at 556, 127 S. Ct. at 1965. Conclusory allegations of an agreement are not sufficient to plausibly state a claim. *Id.* at 556-57, 127 S. Ct. at 1965-66. Garrison's complaint falls short in this regard. Other than conclusory allegations that the defendants conspired with one another, the only allegation to which Garrison points to show a conspiracy is that all of the defendants engaged RevClaims to perform patient billing, but that hardly shows that all of these hospitals were in a conspiracy with one another. *Cf. Impro Prods., Inc. v. Harrick*, 715 F.2d 1267, 1279 (8th Cir. 1983) (explaining the elements of a hub-and-spoke conspiracy in the antitrust context); *United States v. Buckley*, 525 F.3d 629, 633 (8th Cir. 2008) (where the spokes of a conspiracy have no knowledge or connection with one another but deal independently with the hub, there is not a single conspiracy but rather as many conspiracies as there are spokes); *In Re: Iowa Ready-Mix Concrete Antitrust Litig.*, 768 F. Supp. 2d 961, 975-76 (N.D. Iowa 2011) (to plead a hub-and-spoke conspiracy, the complaint must allege an overall plan or that each defendant had knowledge that others were involved in the conspiracy). Garrison's complaint alleges that each hospital contracted with RevClaims, which might suffice to plead that each hospital separately conspired with RevClaims, but it does not suffice to plead a single conspiracy that included all of the hospitals. The complaint does not contain sufficient factual allegations to support Garrison's claim that all of the hospitals engaged in a single conspiracy and, therefore, does not show that Garrison's injury is traceable to any conduct of the moving defendants. Accordingly, Garrison cannot show that she has standing to sue these defendants.

The second question is whether St. Bernard's or RevClaims has injured Garrison. Garrison's prayer for relief seeks a declaratory judgment, "damages in an amount equal to all amounts improperly billed . . . and recovered through filing liens," pre-judgment and post-judgment interest, attorneys' fees and costs, and injunctive relief. Document #2 at 40-41. It is undisputed that

St. Bernard's and RevClaims have recovered nothing from its lien on Garrison's claim against the at-fault driver. The most recent notice of lien was filed on March 24, 2015. That lien became void 180 days later because no suit was filed to enforce it. *See* Ark. Code Ann. § 18-46-106(a). Furthermore, St. Bernard's has now released its lien. Thus, no controversy presently exists for declaratory or injunctive relief. As to the damages claims, St. Bernard's and RevClaims argue that Garrison has suffered no injury because they have recovered nothing of hers and have no potential to do so. Garrison offers no argument that she has been injured under Arkansas Fair Debt Collection Practices Act, but she maintains that St. Bernard's and RevClaims have injured her under each of the remaining claims in her complaint.

Garrison's claim under the Arkansas Deceptive Trade Practices Act and common law claims of breach of contract, unjust enrichment, conversion, and breach of fiduciary duty all depend on whether St. Bernard's or RevClaims have recovered money owed to her or whether St. Bernard's lien encumbers her claim against the at-fault driver. They have recovered nothing and the lien does not encumber her claim against the at-fault driver.

Garrison's contract claim rests on the provider agreement between St. Bernard's and her health insurer. She claims that she is a third-party beneficiary legally "entitled to have an in-network medical care provider submit her bills to her health insurance carrier for payment." Document #63 at 10. Even if such a right exists, the purpose would be to prevent the medical care provider from billing and holding Garrison liable for any treatment rendered. Thus, the injury to her of such a breach would be financial liability. Since St. Bernard's and RevClaims have recovered nothing on her debt to the hospital, the lien has expired, and the debt has been released, Garrison has no injury under her contract claim. She admits as much when she says that her damages on this

claim are her expectancy interest, and her expectancy interest is the now-released amount St. Bernard's and RevClaims should have billed to her insurer. Garrison also states that she could be injured by St. Bernard's turning the bill over to collections or reporting it on her credit history. The lien release, though, contains a paragraph that estops St. Bernard's from doing so.[3]

Garrison links her injuries under the Arkansas Deceptive Trade Practices Act to whatever injuries she has suffered under her contract claim. The Act entitles her to "actual damages," and she concludes that she is therefore able to recover damages to the extent she is entitled to recover compensatory damages under her contract claim. She has no actual damages under either claim and so no standing to pursue this claim.

Garrison next argues that St. Bernard's and RevClaims have been unjustly enriched by encumbering her third-party insurance claim. *Id.* at 11.[4] She says that the liens gave St. Bernard's and RevClaims superior right to possession of the third-party insurer's $100,000 settlement tender. *Id.* For this same reason Garrison also argues that St. Bernard's and RevClaims are liable for conversion. But she says that her counsel could not execute a release of that tender because she was pursuing a claim against the insurer for additional amounts—not because the insurer received the notice of lien. *Id.* at 3. As it now stands, the lien is not encumbering the proceeds and neither

---

[3] "[A] party that takes a certain position in a legal proceeding 'and succeeds in maintaining that position,' is prohibited from thereafter assuming a contrary position 'simply because his interests have changed,' especially if doing so prejudices the party 'who acquiesced and in the position formerly taken by him.'" *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006) (quoting *New Hampshire v. Maine*, 552 U.S. 742, 748, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001)).

[4] In the complaint, Garrison's unjust enrichment claim alleges that the defendants were unjustly enriched "by receiving . . . money that Plaintiff and other Class Members were entitled and should have received." Document #2 at ¶ 127.

St. Bernard's or RevClaims received any of Garrison's settlement proceeds. Garrison has shown no injury.

Garrison's breach-of-fiduciary-duty claim is based on an alleged responsibility of St. Bernard's to bill her health insurer rather than her. Her injury, then, is any amount she was improperly billed. But again, St. Bernard's has released the lien and essentially forgiven the treatment expenses incurred by Garrison. It is not holding Garrison liable for any outstanding bill. Here, too, Garrison has no injury.

The abuse-of-process claim is different from the others in that the injuries Garrison alleges are not tied to the continuing validity of the lien. Rather, Garrison says the injuries from this claim stem from the initial filing and recording of the lien. In Arkansas, the tort of abuse of process requires the following three elements:

> (1) a legal procedure set in motion in proper form, even with probable cause and ultimate success; (2) the procedure is perverted to accomplish an ulterior purpose for which it was not designed; and (3) a willful act is perpetrated in the use of process which is not proper in the regular conduct of the proceeding.

*Routh Wrecker Serv., Inc. v. Washington*, 335 Ark. 232, 238, 980 S.W.2d 240, 243 (1998). The Arkansas Supreme Court has described the test of abuse of process as "whether a *judicial process* is used to extort or coerce." *Id.* (emphasis added) (citation omitted). Garrison contends that the filing and recording of a lien constitutes judicial process. Two points shed light on whether St. Bernard's and RevClaims used judicial process. First, the lien arises under the Medical, Nursing, Hospital, and Ambulance Service Lien Act. Ark. Code Ann. § 18-46-101. This Act provides for "statutory" liens similar to materialmen's or mechanic's liens. These liens arise solely by force of statute, not through legal proceedings. The documents served and filed by RevClaims and St. Bernard's gave notice of the lien. *See* Ark. Code Ann. § 18-46-105. Second, Arkansas law

draws a distinction between perfecting a lien and enforcing a lien. *See id.* at § 18-46-107 (a)(1). A lien is perfected when the filing and notice requirements under the Act are followed. *See id.* at § 18-46-105. Court action is not triggered, however, until enforcement of a lien is pursued under Ark. Code Ann. § 18-46-107(a)(1). St. Bernard's and RevClaims perfected the lien but never filed a court action to enforce it. Garrison's abuse-of-process claim fails because St. Bernard's and RevClaims did not use judicial process in perfecting the lien.

Finally, Garrison states that she has standing on her conspiracy claim because she has standing to pursue the torts discussed above. Since she has no standing with respect to any of these claims, she also does not have standing on the conspiracy claim.

## CONCLUSION

The motions of St. Bernard's, RevClaims, Baptist Health, Baptist Health Hospitals, St. Bernard's Community Hospital Corp., Lawrence Memorial Hospital, and White River Health System, Inc., are GRANTED. Documents #45, #49 #52, #57, #60, and #68. This action is dismissed.

IT IS SO ORDERED this 22nd day of March, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE